UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREGORY LOUDERMILK,                 )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   No. 2:26-cv-00277-JRO-MG
                                    )
UNION HOSPITAL VAP PAIN CLINIC,     )
                                    )
            Defendant.              )

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court on *pro se* Plaintiff Gregory Loudermilk's motion for leave to proceed *In Forma Pauperis*. Dkt. 2. Loudermilk initiated this action against Union Hospital VAP Pain Clinic alleging medical malpractice, defamation, and negligence, among other torts. *Id.* The Court **GRANTS** the motion to proceed *in forma pauperis*, so this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court **DISMISSES** Loudermilk's complaint without prejudice and **ORDERS** him to show cause **by June 15, 2026,** why final judgment should not issue against him. Because the Court dismisses the complaint, Loudermilk's motion that this matter be held in federal court is **DENIED at moot**. Dkt. [6].

**I. *IN FORMA PAUPERIS* MOTION**

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Loudermilk's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must

2

have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, such as that filed by Loudermilk, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

### III. THE COMPLAINT

The Court accepts Loudermilk's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Loudermilk writes the following as his short and plain statement of the claim:

> CIVIL TORTS / MEDICAL TORTS / DEFAMATION OF CHARACTER
>
> FALSE MENTAL HEALTH CLAIMS TELLS ME ITS ALL IN MY HEAD / PATIENT ABUSE / MENTAL ANGUISH / PAIN AND SUFFERING / ACTUAL DAMAGES / ACTUAL DAMAGES TRUCK WRECK IN 2021 / MEDICAL MISDIAGNOSIS / NEGLIGENT / NEGLIGENCE /

BREACH OF DUTY / OBLIGATION / WRONGFUL DIAGNOSIS / INTENTIONAL INFLICTION / ACTUAL MALICE / ACTUAL DAMAGES / REAL DAMAGES SPECIAL DAMAGES

Dkt. 1 at 5.  In the exhibit attached to the complaint, Loudermilk states that an attorney named Patrick Devine is "trying to overthrow the justice system, with intent."  Dkt. 1-2 at 23.

Loudermilk states the defendant, Union Hospital, is incorporated under the laws of Indiana with its principal place of business in Indiana.  While Loudermilk does not include his state of citizenship, his address is in Terre Haute, Indiana.  Loudermilk seeks $250,000 in damages.

## IV. DISCUSSION

Because Loudermilk does not establish that his claim meets the requirements for subject-matter jurisdiction, this court cannot hear his complaint.  Even assuming the Court had jurisdiction, Loudermilk fails to state a claim upon which relief can be granted.

### A.    Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  To consider the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)."  *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017).  "[I]t is axiomatic . . . that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."  *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 n.3 (7th Cir. 1984).  "If the court determines at any time that it lacks

4

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

Subject-matter jurisdiction is usually grounded in one of two doctrines: federal question jurisdiction or diversity jurisdiction. "For federal question jurisdiction to exist, a case must arise 'under the Constitution, laws, or treaties of the United States.'" *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996) (quoting 28 U.S.C. § 1331). The basic statutory framework for subject-matter jurisdiction based on diversity of citizenship lies in 28 U.S.C. § 1332. "A plaintiff properly . . . invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Loudermilk asserts that this Court has jurisdiction over his claims under federal question jurisdiction. Dkt. 1 at 2. The Court sees no such basis for jurisdiction. Tort claims, such as those Loudermilk raises for malpractice, negligence, and defamation, arise under state—not federal—law. *See Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 606 (7th Cir. 2018) (defamation is a state-law claim); *Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) (negligence is a state-law claim); *Thompson v. Cope*, 900 F.3d 414, 418–19 (7th Cir. 2018) (medical malpractice is a state-law claim).

Further, Loudermilk cannot establish diversity jurisdiction. His complaint does not allege the state of his own citizenship. It appears he resides in Terre Haute, Indiana, and if so, both he and Defendant are citizens of the same state. Loudermilk, who bears the burden of establishing jurisdiction, fails to plead diversity between the parties, so the Court lacks diversity jurisdiction.

Loudermilk does not provide this Court with any means to assure itself of its jurisdiction over his claim. The Court must accordingly declare it lacks subject-matter jurisdiction over Loudermilk's claim as presented in his complaint.

**B.    Failure to State a Claim**

Even if Loudermilk established subject-matter jurisdiction, his claim would not proceed as is because Loudermilk has failed to state a claim upon which relief can be granted—even under the less stringent *pro se* standard. Complaints must contain enough information from which a court can reasonably infer "that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). Loudermilk's conclusory statements regarding his claims fall well short of that standard. He provides no context as to who the defendants are; what actions they took that amount to negligence, malpractice, or any of his other claims; or how their conduct harmed him. Thus, assuming the Court had subject-matter jurisdiction, it would still dismiss the complaint for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

For these reasons, Loudermilk's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.** Dkt. [2]. His complaint must be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Dkt. [1]. Loudermilk's motion that this matter be held in federal court is **DENIED at moot**. Dkt. [6].

Loudermilk shall have through **June 15, 2026,** to **SHOW CAUSE** why final judgment should not issue due to his failure to establish a basis for the Court's subject-matter jurisdiction.

**SO ORDERED.**

Date: 5/14/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

GREGORY LOUDERMILK
2719 N. 12th Street
Terre Haute, IN 47804